UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


KENNETH M. WOJNICZ,

        Petitioner,         Case No. 2:09-cv-258

v.         Honorable R. Allan Edgar

JEFFREY WOODS,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner currently is incarcerated at Kinross Correctional Facility. He pleaded guilty to kidnaping, Mich. Comp. Laws § 750.349, in Clinton County Circuit Court and was sentenced on November 26, 1984 to a term of life imprisonment. He filed a previous habeas with this Court, which was dismissed with prejudice on August 15, 2000. *See Wojnicz v. Kapture*, 2:99-cv-178 (W.D. Mich. 2000). On December 2, 2009, he filed another application for habeas relief challenging the denial of his request for a pardon. In this petition, he raises four grounds for relief. He first claims that his due process and equal protection rights were violated by the Michigan Parole Board's recommendation to Governor Granholm that she deny his request for a pardon and her subsequent denial of his request. He also alleges that his Eighth Amendment rights have been violated because he is being forced to serve a longer sentence, the duration of his natural life, under changes in the parole policies after 1992. Finally, Petitioner asserts that the denial of a pardon violates the Double Jeopardy Clause. (Pet. at 8-9.)

Petitioner seeks to be released from incarceration as well as additional declaratory and injunctive relief.

**Discussion**

**I.    Challenges to Original Conviction**

Petitioner declares that he is not challenging his original convictions, but is challenging the execution of his sentence. (Pet. at 10.) Arguably, however, at least one of his claims implies the invalidity of his conviction. To the extent that he attempts to raise grounds for relief from his original conviction, his petition is second or successive.

A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions). A prior dismissal on the merits has a preclusive effect under § 2244, and moreover, certain types of decisions reached before a merits determination also have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). A dismissal based on procedural default is "on the merits" and thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Villanueva v. United States*, 346 F.3d 55, 60 n.1 (2d Cir. 2003) (holding that a dismissal of a petition under § 2255 on the grounds of the statute of limitations is a decision on the merits for purposes of determining whether a petition is second or successive and noting that the rule applies equally to cases under § 2254). Additionally, the Sixth Circuit squarely has held that a state habeas petition challenging the execution of a sentence and not the imposition of the sentence nevertheless is subject to the certificate of appealability requirement of § 2244(b). *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001).

Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit

court may authorize the petition upon a prima facie showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). If Petitioner wishes to pursue challenges to his original conviction, he must first seek permission from the Sixth Circuit.

The remainder of Petitioner's habeas application does not challenge his original conviction, but instead challenges the denial of his request for a pardon. Such a challenge is not barred by the second or successive doctrine in this case.

**II.     Due Process**

Petitioner contends that his procedural and substantive due process rights were violated when the parole board recommended to Governor Granholm that she deny Petitioner's request for a pardon and she followed that recommendation. To establish a procedural due process violation, a petitioner must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir.2006); *see also Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006).

Petitioner's procedural due process claim fails because Petitioner has no liberty interest in the commutation of his sentence. The Supreme Court has recognized that "'an inmate has no "constitutional or inherent right" to commutation of his sentence.'" *Ohio Adult Parol Auth. v. Woodard*, 523 U.S. 272, 280, (1998) (quoting *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981)) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that an inmate has no constitutional entitlement to release on parole)). Clemency proceedings ordinarily are left to the discretion of the executive and "'are rarely, if ever, appropriate

subjects for judicial review.'" *Woodard*, 523 U.S. at 280 (quoting *Dumschat*, 452 U.S. at 464); *see also Workman v. Summers*, 111 F. App'x 369, 371 (6th Cir. 2004); *Workman v. Bell*, 245 F.3d 849, 851 (6th Cir. 2001). While judicial intervention may be appropriate in extraordinary death penalty cases to ensure that the procedure is not entirely arbitrary, non-death penalty cases do not implicate any federal interest. *See Woodard*, 523 U.S. at 289 (O'Connor, J., concurring with three other Justices and distinguishing *Dumschat*, a non-death case); *Workman*, 245 F.3d at 851.

Because Petitioner has no constitutional right to commutation of his sentence, a liberty interest is present only if state law entitles an inmate to clemency. States may create a protectable liberty interest through the enactment of regulations and procedural rules that limit the discretion of state officials in making parole or commutation decisions. *Greenholtz*, 442 U.S. at 7; *Hewitt v. Helms*, 459 U.S. 460, 471-72 (1983). However, the Supreme Court has recognized that such liberty interests ordinarily involve only those restrictions that place "atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Woodard*, 523 U.S. at 283. "Thus, *Sandin* teaches that we should be hesitant to find a protected liberty interest in policy directives governing parole or commutation hearings, given that a change in the state's procedures typically will not cause a significant hardship on the inmate in relation to the ordinary incidents of prison life." *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *see also Woodard*, 523 U.S. at 283.

Under the Michigan Constitution, the Governor has the exclusive power to grant commutations and pardons:

> The governor shall have power to grant reprieves, commutations and pardons after convictions for all offenses, except cases of impeachment, upon such conditions and limitations as he may direct, subject to procedures and regulations prescribed by law.

> He shall inform the legislature annually of each reprieve, commutation and pardon granted, stating reasons therefor.

Mich. Const. 1963, art. 5, § 14. The Governor's constitutional power to commute sentences is broadly discretionary. *See id.* In light of this discretion, the Sixth Circuit has concluded that Michigan prisoners do not have a state-created liberty interest in the Michigan Parole Board's procedures in recommending to the Governor whether a sentence should be commuted. *See Moran*, 1996 WL 304344, at *2 (citing *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (finding no constitutionally protected interest in any parole board procedure)); *see also Goree v. Burt*, No. 05-CV-74592, 2006 WL 3832814, at *1 (E.D. Mich. Dec. 28, 2006) (rejecting the proposition that Mich. Parole Bd. Policy Directive 45.12 creates a liberty interest in eligibility for sentence commutation). As the *Dumschat* court concluded about Connecticut commutation procedures, a Michigan "felon's expectation that a lawfully imposed sentence will be commuted or that he will be pardoned is no more substantial than an inmate's expectation, for example, that he will not be transferred to another prison; it is simply a unilateral hope." *Dumschat*, 452 U.S. at 465 (footnote omitted). Because Petitioner has no liberty interest in the commutation of his sentence, he fails to raise a meritorious procedural due process ground for habeas relief.

Petitioner argues that, regardless of the existence of any liberty interest protected by procedural due process, he has been denied substantive due process by the arbitrary actions of the parole board in refusing to recommend commutation of his sentence. In order to demonstrate constitutionally arbitrary conduct prohibited by substantive due process, Petitioner must show that the Parole Board's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Hampton v. Hobbs,* 106 F.3d 1281, 1288 (6th Cir. 1997); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th

Cir. 1995). Clearly, in this case, it cannot be said that the actions of the Michigan Parole Board in their recommendation to Governor Granholm either shock the conscience or constitute an "egregious abuse of governmental power." *Id.* Petitioner's sentence was imposed for kidnaping. In addition, prior to this conviction, Petitioner had convictions beginning in 1963 for assault with a dangerous weapon, assault with intent to commit criminal sexual conduct, armed robbery, attempted rape, larceny in a building, rape and attempted larceny in a building. In concluding that Petitioner continues to represent a risk to society if released, the parole board cannot reasonably be considered to have committed an egregious abuse of governmental power. Consequently, Petitioner has failed to assert a constitutional claim cognizable in a federal habeas proceeding.

### III. Equal Protection

Petitioner contends that his equal protection rights were violated when the parole board recommended to Governor Granholm that she deny Petitioner's request for a pardon and she accepted that recommendation. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Petitioner does not suggest that he is a member of a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998). In addition, there is no fundamental constitutional right to receive a pardon.

Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc.* v. Charter Twp. of Shelby, 470 F.3d

286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens*, 411 F.3d 697, 710 (6th Cir. 2005)). To prove his equal protection claim, Petitioner must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Petitioner has not alleged that he is being treated differently than other prisoners who have been given a life sentence and have a comparable criminal record. Indeed, he has not even alleged that another similarly situated prisoner was given a pardon when he was not.

Arguably, however, Petitioner is not even entitled to rational basis review of the denial of his request for a pardon. The Supreme Court recently has recognized that rational basis scrutiny is not properly applied to employment decisions and certain other discretionary decisionmaking:

> There are some forms of state action, however, which by their nature involve discretionary decision making based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Engquist v. Oregon Dep't of Agr.*, 128 S. Ct. 2146, 2154 (2008). Perhaps even more than employment decisions, the governor's power to commute sentences is broadly discretionary. *See* Mich. Const. 1963, art. 5, § 14; *Moran*, 1996 WL 304344, at *2. Under *Engquist*, Petitioner is not entitled to rational basis review. For both reasons, Petitioner fails to raise a meritorious ground for

-8-

habeas relief.

## IV. Eighth Amendment

Petitioner argues that the parole board's policy of not releasing prisoners with life sentences violates his Eighth Amendment right against cruel and unusual punishment. The Eighth Amendment to the United States Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment, protects against cruel and unusual punishments. *See* U.S. CONST., amend. VIII; *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991). The Eighth Amendment, however, does not require strict proportionality between a crime and its punishment. *Harmelin*, 501 U.S. at 965; United *States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).

In the instant case, the Court notes at the outset that the Eighth Amendment claim is factually baseless. The parole board did not issue a sentence. Rather, the parole board merely declined to recommend a pardon for Petitioner. *See e.g., Preston v. Hughes*, No. 97-6507, 1999 WL 107970, at *2 (6th Cir. Feb. 10, 1999) (denial of parole to a prisoner with a life sentence does not violate the Eighth Amendment). Moreover, even assuming the parole board's decision may be considered the imposition of punishment, Petitioner's sentence falls within the maximum allowed by statute. Therefore, Petitioner's sentence does not run afoul of the Eighth Amendment's ban of cruel and unusual punishment. *Austin*, 213 F.3d at 302.

## V. Double Jeopardy

Petitioner asserts that the denial of a pardon and the continuation of his sentence violates the Double Jeopardy Clause. "The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Rashad v. Burt*, 108 F.3d 677, 679 (6th Cir. 1997) (quoting U.S. CONST. amend. V.). The Double Jeopardy Clause prohibits multiple punishments for the same criminal offense. *United States v. Hebeka*, 89 F.3d 279, 282 (6th Cir. 1996). The Sixth Circuit has held that "[p]arole determinations are not considered criminal punishment for purposes of the Double Jeopardy Clause." *Ellick v. Perez*, No. 00-6333, 2001 WL 1450822, at *1 (6th Cir. Nov. 6, 2001). Because Petitioner has no legitimate entitlement to release prior to the completion of his sentence, the denial of a pardon, similar to denial of parole, cannot constitute double jeopardy. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (addressing denial of parole). Additionally, the denial of a pardon does not change the length of Petitioner's sentence, but merely denies him an early release. *See Stewart v. Flintoft*, No. 00-10487-BC, 2002 WL 31748842, at *3 (E.D. Mich. Dec. 2, 2002) (parole denial does not implicate the Double Jeopardy Clause because it does not extend a sentence beyond original term imposed by court). Therefore, it cannot be viewed as the imposition of more than one punishment for the same offense.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the Slack standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.

Dated: 3/9/2010         */s/ R. Allan Edgar*
                        R. Allan Edgar
                        United States District Judge